ZENNER, Plaintiff and Respondent, vs. FISCHER, Defendant and Appellant: FARMERS MUTUAL AUTOMOBILE INSURANCE COMPANY, Interpleaded Defendant and Respondent.

*June 2—July 3, 1953.*

394

For the appellant the cause was submitted on the brief of *Leicht & Curran* of Medford.

For the respondents there was a brief by *William C. Mosher* of Medford, for Clifford Zenner, and by *Jensen & Nikolay* of Medford, for the Farmers Mutual Automobile Insurance Company, and oral argument by *Mr. Mosher.*

MARTIN, J. Appellant contends that the evidence presents a case involving the duties of a "passing" motorist rather than a "following" one and that the trial court therefore erred in applying the rule of *Phillips v. Haring* (1952), 262 Wis. 174, 180, 54 N. W. (2d) 200, where it was said:

"It is the duty of the driver of the following car, under circumstances where as here he has ample opportunity to do so, to have his car under such control or to maintain such a distance behind the preceding vehicle as will enable him to stop his car and avoid a collision."

The facts of the *Phillips Case* are very similar to this, except that there no hazard existed as to the road conditions. Appellant's argument seems to be that when he moved two or three feet out of his lane while 150 feet behind respondent's car and with the intention to pass, he was no longer a "following," but a "passing," motorist. We see no merit in the argument. The only evidence that he was passing was his testimony that he had made up his mind to pass. His position on the highway at that great a distance behind the respondent's car is immaterial.

The learned trial court said:

"It may be true that the accident might not have happened had the plaintiff driven at all times on the right-hand side of the road. It also might not have happened had the plaintiff continued in and completed his turn off the highway. But at all events the avoidance of an accident depended not upon the movements of the plaintiff's car, but upon whether or not the defendant would have a clear field ahead of him for a distance greater than 150 feet. Anyone appearing ahead of the defendant at this point, due to the latter's speed and the

condition of the highway, could avoid an accident only by getting out of the way. The defendant could do nothing to avoid such accident: He could not stop short of the point of impact without brakes, and the application of brakes dissipated entirely whatever control the defendant might previously have had."

It is also contended that when respondent deviated from his lane to begin the left turn, appellant was confronted with an emergency. If there was any emergency, it was brought on by appellant's own speed under the circumstances. The physical facts show—and we have considered all the evidence most favorable to the appellant—that only a very short period of time transpired while such deviation took place; appellant was then 100 feet behind him, and respondent was back on his side of the road when the accident happened.

We agree with the trial court that appellant was negligent as a matter of law in driving at a speed which made it impossible for him to slow or stop his car under the conditions then existing and avoid the collision. It therefore properly set aside the verdict and ordered a new trial.

*By the Court.*—Order affirmed.